IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**ASHLEY PHILLIPS, CRAIG PHILLIPS,**
and Ashley and Craig Phillips o/bo
**DARRIAN PHILLIPS, a minor,**

    **Plaintiffs,**

vs.                                               Cause No.  1:11-cv-293 JCH/DJS

**BRINKER INTERNATIONAL, INC.,**
**BRINKER RESTAURANT**
**CORPORATION, BRINKER SERVICES**
**CORPORATION, and CHILI'S, INC.,**

    **Defendants.**

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

By *Order of Reference*, entered September 7, 2011, this matter was referred to the undersigned to conduct a fairness hearing and to perform any legal analysis required to make a recommendation regarding whether the proposed settlement is in the best interests of the minor and whether it should be approved. [Doc. 24.]  For the reasons stated below, the Court recommends the settlement be approved and that the *Joint Motion to Approve Minor Settlement and for Dismissal* [Doc. 22] be granted.

*Background*

Plaintiffs Ashley and Craig Phillips are the parents of Plaintiff Darrian Phillips, a minor.  They filed this personal injury lawsuit in state court alleging they were eating dinner at Chili's Restaurant & Grill in Farmington, New Mexico, on or about July 31, 2010, when Ashley Phillips bit down on a needle buried in her garlic mashed potatoes.  [Doc. 1 at 7.]  Defendant removed the case to federal

---

[1] Pursuant to 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2), the parties are entitled to an objection period of 14 days.  The parties have agreed to waive the objection period, and the Court therefore establishes an abbreviated objection deadline of **October 4, 2011.**

court on April 7, 2011.  [Doc. 19, ¶ 12.]

The parties have reached a settlement that includes a compromise of Darrian's claims and they request the Court approve the settlement on his behalf.  [Doc. 22.]  The District Judge appointed Dawn Chavez Branch as guardian *ad litem* to assist the Court in evaluating the proposed settlement on behalf Darrian.  [Doc. 21.]  The undersigned has received and reviewed the Report of Guardian Ad Litem.  [Doc. 29 (sealed document)], conducted a fairness hearing on September 29, 2011, and heard from the guardian *ad litem*, counsel for both sides, and from Plaintiffs Ashley and Craig Phillips.

## *Findings*

1. Ashley and Craig Phillips bring personal injury claims on behalf of minor Darrian Phillips against Defendants.

2. The following allegations are contained in Plaintiffs' Amended Complaint [Doc. 19]:

    a. Plaintiffs Ashley and Craig Phillips are the biological parents of Plaintiff Darrian Phillips, a minor child whose date of birth is June 13, 2010.  [Doc. 19, ¶ 2.]

    b. Ashley and Craig Phillips were eating dinner at Chili's Restaurant & Grill in Farmington, New Mexico, on or about July 31, 2010, when Ashley Phillips bit down on a needle buried in her garlic mashed potatoes.  [Doc. 19, ¶¶ 11, 12.]

    c. Ashley Phillips sought medical attention the following morning and was advised by her physician that both she and Darrian, who was breastfeeding at the time, could have been infected with a number of communicable diseases as a result of the puncture wound inflicted by the needle.  [Doc. 19, ¶¶ 16–19.]

    d. Due to Defendants' alleged negligence, Plaintiffs were unable to obtain the needle for prompt testing.  [Doc. 19, ¶¶ 28–37.]

    e. They further allege that the physician advised Ashley Phillips to discontinue

        breastfeeding Darrian until the needle was tested or blood tests had been completed. [Doc. 19, ¶ 19.]

    f.    The needle was tested for chemicals and toxins on or about September 21, 2010, and the results were negative. [Doc. 19, ¶ 34.]

3. Defendants agree to fund a settlement for Darrian's benefit in return for a compromise of his claims. The details of the proposed settlement on behalf Darrian are described in the Report of the Guardian Ad Litem.

4. In addition to the settlement proposed for Darrian, Defendants have agreed to a separate settlement amount for Defendants Ashley and Craig Phillips, as described in the Report of the Guardian Ad Litem.

5. The guardian *ad litem* conducted an investigation, as described in her report, and believes the proposed settlement on behalf of Darrian is fair, reasonable, and in his best interests.

6. At the fairness hearing, the guardian *ad litem* reported that Darrian, now 15 months old, appears to be developing normally, has adjusted to regular food, and that bonding issues between mother and child allegedly associated with the discontinuation of breastfeeding have apparently resolved.

7. The guardian *ad litem* further concludes that the primary injury was suffered by Mrs. Phillips, and that the injury suffered by Darrian, if any, is not as great as the injury allegedly sustained by Mrs. Phillips.

8. The guardian *ad litem* investigated alternative investment vehicles for Darrian's settlement, and the proposed investment compares favorably to the alternatives.

9. The guardian *ad litem* has evaluated the costs and attorney fee claimed by Plaintiffs' counsel Mr. Burns and believes they are customary and reasonable.

10. Plaintiffs agree that the costs and attorney fee will not be deducted from Darrian's portion of the settlement, but shall be deducted from the portion of the settlement that goes to Mr. and Mrs. Phillips.

11. Darrian's parents, Mr. and Mrs. Phillips, believe the settlement is fair and reasonable. They understand that if the settlement is approved, Darrian's claims will be compromised and he will not be able to seek any additional money from Defendants arising out of this incident. They also understand they have the option to proceed to litigate this case, but believe a compromise is in Darrian's best interests given the uncertainty of the outcome and the risks of litigation.

### *Conclusions*

1. The Court has jurisdiction of the parties and the action.

2. The settlement described in the Report of the Guardian Ad Litem is fair, reasonable, and in the minor's best interests.

3. The costs are reasonable, and the attorney's fee is customary and reasonable for this case given the effort expended, the risk undertaken if the case were to proceed to trial, and the outcome for the clients.

### *Recommendation*

The Court recommends the *Joint Motion to Approve Minor Settlement and for Dismissal* [Doc. 22] be **GRANTED.**

_____
**DON J. SVET**
**United States Magistrate Judge**